IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Newport News Division

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | CRIMINAL NO. 4:16cr31 |
| | ) | |
| V. | ) | |
| | ) | |
| MARK ANTHONY LOWE | ) | |

## RESPONSE OF THE UNITED STATES WITH RESPECT TO THE SENTENCING OBJECTION

The United States of America, through its attorney, Dana J. Boente, the United States Attorney for the Eastern District of Virginia, and Lisa R. McKeel, Assistant United States Attorney, submits this Response of the United States with Respect to the Sentencing Objection in accordance with Section 6A1.2 of the United States Sentencing Commission, Guidelines Manual (hereinafter "USSG" or "Guidelines") and this Court's Sentencing Procedures Order regarding sentencing.

The defendant objects to the application of the mandatory life sentence imposed by reason of Title 18, U.S.C. § 3559(e). The United States believes that the defendant's objection lacks merit and will address it in turn.

## Procedural History

The defendant, MARK ANTHONY LOWE, was arrested by criminal complaint on February 17, 2016. He was indicted by a federal grand jury sitting in Newport News, Virginia on March 14, 2016 and charged with Aggravated Sexual Abuse of a Child, in violation of Title 18,

United States Code, § 2241( c) (Counts 1 and 2); Coercion and Enticement of a Child, in violation of Title 18, United States Code, § 2422(b) (Count 3); and Penalties for a Registered Sex Offender, in violation of Title 18, United States Code, § 2260A (Count 4).

On April 26, 2016, the defendant pled guilty to Counts 3 and 4 of the Indictment with a plea agreement before this Court. At the time of the guilty plea, the United States and defendant entered into an agreed upon Statement of Facts. The Pre-Sentence Report (PSR) has been filed with the Court and sentencing is set for September 7, 210.

## Argument

1. **Title 18 U.S.C. § 3559(e) Mandatory Life Imprisonment for Repeated Sex Offenses Against Children**

The defendant objects to the application of Title 18 U.S.C. § 3559(e), which requires the Court to sentence the defendant to a mandatory life sentence based upon the fact that he is a repeat sex offender. Specifically, the defendant claims that the statute is inapplicable to him because he did not plead guilty to a qualifying "Federal sex offense" as defined in the statute. He argues that it only applies to persons that have been convicted under Title 18, U.S.C. § 2422(b) for coercing and enticing a child *into prostitution*. This claim lacks merit.

The defendant qualifies for a mandatory life sentence under 18 U.S.C. § 3559(e) because he pled guilty to a qualifying "Federal sex offense" and has four prior state sex convictions that qualify as "State sex offenses" under § 3559(e).

   A. Defendant's guilty plea to Coercion and Enticement qualifies as a "Federal sex offense" under Title 18 U.S.C. §3559(e).

Title 18 U.S.C. § 3559(e)(1) states that "A person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed." The term

2

"Federal sex offense" is defined under § 3559(e)(2)(A) as an offense under 18 U.S.C. §§ 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2422(b), or 2423(a). The defendant argues that the descriptive words that follow the code § 2422(b) "(relating to coercion and enticement of a minor into prostitution)" limit the applicability of the statute to him because he did not coerce or entice Jane Doe into prostitution. The United States submits that the code sections followed by words in the parentheticals are only descriptive words and do not limit the applicability of the qualifying federal sex offense. It would be an absurd result if a defendant who has a qualifying prior sexual assault of a child conviction is later convicted of Coercion and Enticement of a Child, would only receive the enhanced punishment if he tried to entice a child into prostitution versus him trying to coerce a child into sexual activity. In looking at § 3559(e)(2)(A), the very first offense listed is 18 U.S.C. § 1591, makes it a crime to entice a child into prostitution. Therefore, under the interpretation the defendant urges, the inclusion of the crime of Coercion and Enticement would be superfluous. Likewise, § 559(e)(3) would also be superfluous. Section (3) specifically states that § 2422(b) is a nonqualifying felony if the sexual act was consensual and not commercial or pecuniary gain. This is the opposite of prostitution. The inclusion of Coercion and Enticement of a child into prostitution would be redundant. In order to give meaning to the inclusion in the statute of 2422(b), the United States submits that all crimes included in 2422(b) are subject to the enhanced penalty of mandatory life.

## **CONCLUSION**

The defendant meets the elements for a mandatory life sentence under 18 U.S.C. § 3559(e). Defendant pled guilty to a qualifying "Federal sex offense" when he pled guilty to Coercion and Enticement under 18 U.S.C. § 2422(b). Defendant has four prior state convictions, all of which

qualify as "State sex offenses" under § 3559(e). Defendant has satisfied all elements for a mandatory life sentence under 18 U.S.C. § 3559(e).

For the foregoing reasons, the United States believes that the defendant's sentence was properly calculated by the Probation Officer, and that his objection to the Guidelines should be denied.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____/S/_____
Lisa R. McKeel
Assistant United States Attorney
Virginia State Bar No. 28652
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, VA 23606
(757) 591-4000

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Kirsten R. Kmet, Esq.
    Office of the Federal Public Defender
    Assistant Federal Public Defender
    150 Boush Street, Suite 403
    Norfolk, Virginia 23510
    E-mail: Kirsten_kmet@ fd.org

And I hereby certify that I have e-mailed the document to the following non-filing user:

Jason D. Cole
Senior United States Probation Officer
United States Probation Office
600 Granby Street
Suite 230
Norfolk, VA 23510
E-mail: jason_cole@vaep.uscourts.gov

                                        _____/S/_____
                                        Lisa R. McKeel
                                        Assistant United States Attorney