IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.                                                                              Case No. 4:16CR31

MARK ANTHONY LOWE

      Defendant.

## REPLY TO THE GOVERNMENT'S RESPONSE WITH RESPECT TO THE SENTENCING OBJECTION

COMES NOW the Defendant, Mark Anthony Lowe, by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the *Sentencing Guidelines and Policy Statements* as well as this Court's Sentencing Procedure Order, and hereby submits this Reply to the Government's Response with respect to the sentencing objection.

The Government asserts that accepting the interpretation that a defendant would only receive 18 U.S.C. § 3559(e)'s enhanced punishment for a violation of 18 U.S.C § 2422(b) if he tried to entice a child *into prostitution* versus trying to coerce a child into *sexual activity* would render the statute superfluous. (ECF No. 31 at 3.) To support this argument, the Government relies on the fact that § 3559(e) already includes an enhanced punishment for enticing a child into prostitution under 18 U.S.C. § 1591. Section 1591 makes it unlawful to "knowingly in or affecting interstate or foreign commerce . . . recruit[], entice[], harbor[], transport[], provide[], obtain[], advertise[], maintain[], patronize[], or solicit[] by any means a person[.]" 18 U.S.C. § 1591(a). The Government attempts to argue that because "entice" is listed as one of the methods by which to violate § 1591(a), then reading § 3559(e)(2)(A)'s inclusion of § 2422(b) as

limited to coercion and enticement of a child *into prostitution*, would be superfluous. The plain language of § 1591, however, is different from that of § 2422(b). A violation of § 1591 can occur without enticing a minor into prostitution. Therefore, the limited applicability of § 2422(b) does not render it superfluous.

Likewise, by using the Government's very own reasoning, then § 3559(e)(2)(A)'s inclusion of § 2423(a) (relating to transportation of minors) would render it superfluous because § 1591 also prohibits transportation of minors. This would be absurd.

To be sure that § 3559(e) only applies to persons who have been convicted under § 2422(b) for coercing or enticing a minor into prostitution, one needs only to turn to § 3559(e)'s inclusion of § 2423(a). Section 2423 prohibits transportation of minors to engage in prostitution or in any sexual activity for which any person can be charged with a criminal offense. 18 U.S.C. § 2423(a). The language of § 2423(a) is nearly identical to the statutory language of § 2422(b). *Compare* § 2423(a) ("A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual *engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense*, shall be fined under this title and imprisoned not less than 10 years or for life.") (emphasis added) *with* § 2422(b) ("Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, incudes, entices, or coerces any individual who has not attained the age of 18 years, to *engage in prostitution or any sexual activity for which any person can be charged with a criminal offense*,

2

or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.") (emphasis added).

While the relevant language of the § 2422(b) and § 2423(a) are identical (i.e. "*engage in prostitution or any sexual activity for which any person can be charged with a criminal offense*"), § 3559's treatment of the language is not. More specifically, § 3559(e)'s parentheticals are not limited to engaging *in prostitution* when citing to § 2423(a); but, they are when referencing § 2422(b). *Compare* § 3559(e)(2)(A) ("[§] 2423(a) (relating to transportation of minors)") *with* § 3559(e)(2)(A) ("[§] 2422(b) (relating to coercion and enticement of a minor into prostitution)"). Therefore, the parentheticals clearly serve to clarify the meaning of the statute and the applicability of the qualifying offenses. If the § 3559(e) was meant to include all of the conduct punishable under § 2422(b), then § 3559(e)(2)(A) would remove the limiting parenthetical next to § 2422(b), as it did in § 2423(a). Accordingly, the parentheticals are not merely "descriptive words" as the Government suggest; but rather, they serve to clarify the qualifying offenses.

Moreover, the Government wrongly concludes that limited applicability of the qualifying federal sex offense would also render § 3559(e)(3) superfluous because "[s]ection (3) specifically states that § 2422(b) is a nonqualifying felony if the sexual act was consensual and not commercial or pecuniary gain." (ECF No. 31 at 3.) The Government appears to misconstrue § 3559(e)(3) because the very inclusion of that section sets forth affirmative defenses to § 2422(b) and § 2423(a). Accordingly, a person would not be subject to § 3559(e)(1)'s mandatory life enhancement if the committed sexual act or activity was not for the purposes of commercial or pecuniary gain. In other words, if one could show that the conduct at issue was not for

3

commercial or pecuniary gain (i.e. not prostitution), then they would not be subject to § 3559(e)(1)'s mandatory life enhancement. Thus, this defense goes directly to prostitution offenses only, which again confirms that § 3559(e)'s inclusion of § 2422(b) is only as it relates to prostitution.

For the reasons above, as well as those set forth in Mr. Lowe's sentencing pleading, Mr. Lowe respectfully request that this Court sustain his objection to the application of § 3559(e)(1)'s mandatory life enhancement.

                                                              Respectfully submitted:

                                                              MARK ANTHONY LOWE

                                                     By: _____/s/_____
                                                        Of counsel

                                                        Kirsten R. Kmet, Esquire
                                                        Assistant Federal Public Defender
                                                        Attorney for Mark Anthony Lowe
                                                         Virginia State Bar No. 47786
                                                        Office of the Federal Public Defender
                                                         150 Boush Street, Suite 403
                                                         Norfolk, Virginia 23510
                                                         (757) 457-0850
                                                         (757) 457-0880 (telefax)
                                                         Email: kirsten_kmet@fd.org

**CERTIFICATE OF SERVICE**

I certify that on this 6th day of September 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

Lisa Rae McKeel
Assistant United States Attorney
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606
Telephone:   (757) 591-4000
Email: lisa.mckeel@usdoj.gov

I further certify that I will send a copy of the foregoing via electronic mail to the following non-filing user:

Jason Cole, United States Probation Officer
Senior United States Probation Office
600 Granby Street
Norfolk, Virginia 23510
Email: jason_cole@vaep.uscourts.gov

                                                                                           _____/s/_____
                                                  Kirsten R. Kmet, Esquire
                                                  Assistant Federal Public Defender
                                                Attorney for Mark Anthony Lowe
                                                Virginia State Bar No. 47786
                                                Office of the Federal Public Defender
                                                150 Boush Street, Suite 403
                                                Norfolk, Virginia 23510
                                                (757) 457-0850
                                                (757) 457-0880 (telefax)
                                                Email: kirsten_kmet@fd.org