IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**MARK ANTHONY LOWE,**

      Petitioner,

v.                                 CRIMINAL ACTION NO. 4:16-cr-31

**UNITED STATES OF AMERICA,**

      Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Mark Anthony Lowe's ("Petitioner") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("First Step Act"). Pet'r's Mot. Compass. Release, ECF No. 49 ("Pet'r's Mot."); *see also* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons stated herein, Petitioner's Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 14, 2016, Petitioner was named in a four-count Indictment, which charged him with Aggravated Sexual Abuse of a Child, in violation of 18 U.S.C. § 2241(c) (Counts One and Two); Coercion and Enticement, in violation of 18 U.S.C. § 2242(b) (Count Three); and Penalties for Registered Sex Offender, in violation of 18 U.S.C. § 2260A (Count Four). ECF No. 8. On April 26, 2016, Petitioner pled guilty to Counts Three and Four. ECF No. 19.

On September 7, 2016, the Court sentenced Petitioner to a total of 480 months of imprisonment. ECF Nos. 33, 34. Upon release from imprisonment, the Court sentenced Petitioner

to serve a life of supervised release. *Id.* To date, Petitioner has been in federal custody since February 18, 2016 and is set to be released on March 19, 2050. Pet'r's Mot. at 2.

On December 23, 2025, Petitioner filed a *pro se* Motion for Compassionate Release. ECF No. 42. On March 7, 2025, Petitioner filed the instant Motion through counsel. Pet'r's Mot. On April 2, 2025, the Government filed a response in opposition. Resp't's Mem. Opp'n to Pet'r's Mot. Compass. Release, ECF No. 51 ("Mem. Opp'n"). Petitioner did not file a reply, but Petitioner did file an exhibit to his Motion on June 18, 2025. ECF No. 52. Accordingly, this matter is ripe for judicial determination.

## II. LEGAL STANDARD

### A. The Threshold Requirement

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the BOP bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the

BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

### B. The Compassionate Release Standard

As amended by the First Step Act, a court may modify a term of imprisonment by motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the First Step Act was passed, the Sentencing Commission provided that a sentence may be modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. §1B1.13, cmt. 1(A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at cmt. 1(D). Use of the "catch-all provision" prior to the First Step Act was severely restricted because it required approval from the BOP before an individual could petition the district court for relief. *Id.*

U.S.S.G. § 1B1.13 is now outdated, however, following the passage of the First Step Act, which allows individuals to petition the district court directly without clearance from the BOP. As such, §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020) ("[W]here the [Sentencing]

3

Commission fails to act, then courts make their own independent determinations of what constitutes an 'extraordinary and compelling reason[]' under § 3582(c)(1)(A), as consistent with statutory language."). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i). Ultimately, compassionate release motions "ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other." *United States v. Hargrove*, 30 F.4th 189, 197 (4th Cir. 2022).

### III. DISCUSSION

#### A. The Threshold Requirement

As an initial matter, the Court must address the issue of exhaustion. The Government argues that the Court should dismiss Petitioner's Motion for lack of jurisdiction because the Bureau of Prisons did not have a record of his request and thus, he has not satisfied the statutory exhaustion requirement. Mem. Opp'n at 3-4.

Petitioner provided copies of his initial letter and email requests to the Warden for consideration of compassionate release as exhibits to his motions. ECF 42; Pet'r's Mot. Petitioner's November 24, 2024 letter request received no response as far as the Court is aware, and his December 5, 2024 email request received a response that Petitioner needed to file an administrative remedy. *Id.* On May 2, 2025, subsequent to the Government's Opposition Memorandum, Petitioner submitted the administrative remedy form for compassionate release to his BOP facility. ECF No. 52. On May 23, 2025, the Warden denied Petitioner's request for compassionate release. *Id.*

Although petitioners are expected to satisfy the administrative exhaustion requirement prior to filing a motion in the district court, *Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021), strict compliance with the requirement would be futile under these circumstances. In *Muhammad*, the Fourth Circuit further clarified that the exhaustion requirement "is a non-jurisdictional claim-processing rule," and therefore "may be waived or forfeited." *Id.* Petitioner initiated two informal requests prior to filing his Motion in the district court, and he did not file his formal administrative remedy request until after the Government moved to dismiss his Motion on lack of exhaustion grounds. ECF Nos. 42, 52. However, the Court finds that a waiver of the exhaustion requirement is warranted. The Warden denied Petitioner's formal request for administrative remedy on May 23, 2025. ECF No. 52. Thus, more than 30 days have passed since Petitioner's administrative request, which has also been denied, *Muhammad*, 16 F.4th at 131, and judicial efficiency weighs in favor of a waiver. Therefore, the Court will proceed to address the merits of Defendant's Motion.

### B. Petitioner's Compassionate Release Request

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to reduce his sentence. Petitioner argues compassionate release is warranted because (1) he is not receiving the medical treatment he believes is necessary to adequately treat his medical conditions and (2) his Section 3553(a) factors during his incarceration presents extraordinary and compelling reasons for a reduced sentence. Pet'r's Mot. at 4-6.

1. Medical Conditions

Petitioner first argues that his combined medical conditions warrant his compassionate release. Medical conditions can constitute extraordinary and compelling reasons where Petitioner "is suffering from a terminal illness" or where medical conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and

5

from which he [] is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(A); U.S.S.G. § 1B1.13(b)(1)(B)(iii). None of Petitioner's conditions are terminal. Pet'r's Mot.

Petitioner has likewise not proven that his medical circumstances substantially diminish his ability to provide self-care in a correctional facility. Petitioner, age 71, asserts that he suffers from high blood pressure, cholesterol issues, and degenerative disc disease, which makes life in a correctional facility painful. Pet'r's Mot. at 5. Citing to U.S.S.G. § 1B1.13(b)(1)(A), Petitioner argues that the "BOP is not timely providing [him] with the specialized care and treatment his conditions required." *Id.* However, Petitioner has not provided documentation indicating he is not receiving the treatment his conditions require. *Id.* In fact, in his pro se filing, Petitioner concedes that he is receiving medication for his conditions, and the BOP records indicate he has further refused certain procedures and vaccines. ECF No. 42, Ex. B at 14-16, 25-27.

Petitioner also argues that, because of his age and "medical conditions that he will not recover from, he is experiencing deteriorating physical health because of the aging process" and is unlikely to leave prison before he completes his sentence. ECF No. 42 at 6-10. The Court is sympathetic to Petitioner's conditions, but the ailments that accompany aging do not constitute extraordinary and compelling medical conditions under the statute to justify a reduced sentence. Petitioner's sentence is lengthy because of the severity of his offense, and aging while serving the sentence is a natural result, not an extraordinary circumstance.

Accordingly, Petitioner's combined medical conditions do not present an extraordinary and compelling reason for his compassionate release.

2. <u>18 U.S.C. § 3553(a) Factors and Rehabilitation</u>

Moreover, even if Petitioner had articulated sufficient "extraordinary and compelling" medical conditions to surmount the requirements of the statute, the 18 U.S.C. § 3553(a) factors do

not support a reduced sentence. Petitioner argues that his rehabilitation and the § 3553 factors provide "extraordinary and compelling reasons" warranting relief. Pet'r's Mot. at 6-7. The nature and circumstances of Petitioner's offense are unquestionably serious. *See* 18 U.S.C. § 3553(a)(1). On December 26, 2015, Petitioner sexually assaulted his six-year-old relative. PSR at ¶ 5. He is now 71 years old and asks the Court to consider his low-risk of reoffending after almost ten years of incarceration in making its determination. Pet'r's Mot. at 8. True, Petitioner, age 71, is less likely to reoffend than younger offenders. ECF No. 42, Ex. A. But Petitioner's own conduct, which occurred less than ten years ago, undermines this argument. Petitioner is also a repeat sexual offender, and this is his second time serving a sentence for sexual contact with a minor relative. PSR at ¶ 37-38. Petitioner's previous suspended sentence almost thirty years ago did not deter him from committing the same offense later in life, and the Court is not convinced that, if Petitioner receives a reduced sentence at this time, he will not reoffend.

The Court is entitled to consider the amount of time Petitioner has already served as one factor in the § 3553(a) analysis. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (internal citations omitted). Petitioner has served almost 10 years of his 40-year sentence. The Court does not believe that reducing Petitioner's sentence after only one-fourth of the total sentence has elapsed provides just punishment for Petitioner's serious offense or deters others from similar conduct.

The Court has considered Petitioner's post-sentencing conduct and rehabilitative efforts. *See Concepcion v. United States*, 142 S. Ct. 2389, 2401 (2022) ("The text of the First Step Act does not so much as hint that district courts are prohibited from considering evidence of rehabilitation, disciplinary infractions, or unrelated Guidelines changes."); *Pepper v. United States*, 562 U.S. 476, 491 (2011). To his credit, while incarcerated, Petitioner has successfully

completed several classes and educational programs. ECF No. 42, Ex. A. Petitioner also has never received a disciplinary report while in prison. ECF No. 42 at 17. Finally, the Court notes that Petitioner appears to have cultivated a strong community and reputation while incarcerated. ECF No. 42, Ex. A at 33-41. The Court encourages Petitioner to continue this positive trajectory and commends Petitioner for his achievements during incarceration, but "[the achievements] do not outweigh the Court's findings as to the other factors." *United States v. Woolridge*, 2021 WL 415131 (E.D. Va. Feb. 5, 2021); *see also United States v. Hill*, 649 F. Supp. 3d 200 (E.D. Va. 2023) (stating compassionate release may not be granted based on rehabilitation alone).

Therefore, the Court originally imposed a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. In balancing the applicable § 3553(a) factors, the Court concludes those factors weigh against Petitioner's release.

## IV. CONCLUSION

For the foregoing reasons, Petitioner has not shown an extraordinary and compelling reason to grant compassionate release. Petitioner's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 49, is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to Petitioner, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED.**

Newport News, Virginia
October 23, 2025

/s/
Raymond A. Jackson
United States District Judge